[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Motion for Modification [328, 328.50]
Again this case is before the court.
This time, it is at the instance of the plaintiff on her motion for modification. Motion for Modification, April 11, 2001. [328, 328.50]
Plaintiff claims —
 "Since the date of the order, the circumstances concerning this case have changed substantially as follows: "The minor child Jacob M. Graham and the 18 year old child John A. Graham have resided with plaintiff mother and attended school in St. Croix, US Virgin Islands since 09/06/2001[1] at their request and approval of defendant father. Permanent domicile continues to be in CT with a return date to the State in June 2001.[1] See attached Jurisdiction over this matter has at all times been in State of CT." Motion for Modification, April 11, 2001. [328, 328.50]
CT Page 1441 Principally, plaintiff asks the court to modify by ordering, "Primary Residence with plaintiff mother, joint custody to continue." Id.
Secondarily, and dependent on primary residence being changed to be with her, plaintiff asks the court to "[d]ecrease the amount of child support to be paid retroactive to September 6, 2001." Id.
Orders were entered by this court on January 4, 1999. Those pertinent here are set forth verbatim:
 "1. The court's prior order of joint custody shall remain in effect. Primary physical custody of the minor children shall be with the defendant father. This modification shall confirm the status quo of said minor children who have been residing with their father in Colorado since approximately July 03, 1998.
 * * * "3. The plaintiff may also have reasonable visitation with the children in Colorado at any time as may be arranged between the parties. Reasonable notice shall be provided.
 * * * "5. The defendant shall be obligated to maintain health insurance for the benefit of the minor children. The parties shall divide equally the cost of any medical expenses for the minor children which are not paid by medical insurance, including and not limited to, orthodontic and psychological expenses.
 "6. The defendant's obligation for current child support payments shall cease effective as of the date of service of his motion to modify (November 18, 1998). Any payment made subsequent to that date shall be credited to the defendant's obligation to repay arrears as per the Stipulation and order dated January 12, 1998. The defendant shall continue to be liable for said arrears and shall continue to pay said arrears by means of wage withholding at the present rate of $250.00 per week.
"7. The plaintiff shall pay child support to the defendant in the amount of $118.00 per week. Said amount represents a departure from the child support CT Page 1442 guidelines (which would require a payment of $168.00) based upon a projection of the expenses for transportation the plaintiff will incur for visitation as a result of the children living in Colorado."
Order, January 4, 1999. [313]
Defendant father has challenged the court's jurisdiction. Father's Brief in Support of Dismissal for Lack of Jurisdiction Or, in the Alternative Forum Non Conviens. [330.75]
Defendant has not claimed this proceeding is governed by the Uniform Child Custody Jurisdiction and Enforcement Act [UCCJEA], C.G.S. §§46b-115 et seq. In fact, the written submissions of both parties do not mention the UCCJEA.
The Uniform Child Custody Jurisdiction Enforcement Act [UCCJEA], C.G.S. § 46b-115 et seq., has been adopted in Connecticut and became effective on July 1, 2000.
The Act provides:
 "`Child custody proceeding' means a proceeding in which legal custody, physical custody or visitation with respect to a child is an issue. The term includes a proceeding for dissolution of marriage, divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights and protection from domestic violence, in which the issue may appear. The term does not include a proceeding involving juvenile delinquency, contractual emancipation or enforcement under sections 46b-115u to 46b-115gg, inclusive."
C.G.S. § 46b-115a (4).
Since plaintiff's motion seeks to modify by ordering "primary residence with plaintiff mother," this is a "child custody proceeding." C.G.S. § 46b-115a (4). The Uniform Child Custody Jurisdiction and Enforcement Act [UCCJEA], C.G.S. § 46b-115 et seq., controls.
The primary question the court must determine is its jurisdiction.
"If a question of the existence or exercise of jurisdiction under this chapter is raised in a child custody proceeding, the question, upon request of a party, must be given calendar priority and handled CT Page 1443 expeditiously." C.G.S. § 46b-115f.
Under the UCCJEA, jurisdiction largely depends on the status of the involved individuals on the date of the commencement of the proceeding. Jurisdiction attaches at the commencement of a proceeding. C.G.S. §46b-115a (5). This child custody proceeding began with the filing of plaintiff's motion for modification on April 11, 2001.
First, the court holds that the court has no jurisdiction over custody and/or primary residence issues regarding John. John was born on May 20, 1982. He turned 18 on May 20, 2000. Under the UCCJEA, `[c]hild" means an individual who has not attained eighteen years of age." C.G.S. §46b-115a (2). John was 18 when plaintiff filed her motion for modification on April 11, 2001 which commenced this "child custody proceeding." John is not a "child;" the court has no power to make orders regarding him.
There is no dispute about where Jacob lived as of the time of the filing of plaintiff's motion for modification and since July 1998. On January 4, 1999, this court found that John and Jacob had been living with their father in Colorado since "approximately July 03, 1998." Order, January 4, 1999, ¶ 1. [313] That order provided that "[p]rimary physical custody of the minor children shall be with the defendant father." Id. Plaintiff's Motion for Modification states the minor children "have resided with plaintiff mother and attended school in St. Croix, US Virgin Islands since 09/06/2001" which the court takes as meaning the children have lived in the Virgin Islands since September 6, 2000.
The UCCJEA provides in part:
"(a) Except as otherwise provided in section 46b-115n, a court of this state which has made a child custody determination pursuant to sections 46b-115k to 46b-115m, inclusive, has exclusive, continuing jurisdiction over the determination until: (1) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of the child, (B) a parent or a person acting as a parent continues to reside in this state but the child no longer has a significant relationship with such parent or person, and (C) substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships. CT Page 1444
 (b) A court of this state which has made a child custody determination but does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 46b-115k.
There can be no dispute that this court has made child custody determinations in this case. The most recent was on January 4, 1999. [313] But, none were made "pursuant to sections 46b-115k to 46b-115m." Those sections are a part of the UCCJEA which did not become law in Connecticut until July 1, 2000. Since this court has not "made a child custody determination pursuant to sections 46b-115k to 46b-115m, inclusive," it does not have "exclusive, continuing jurisdiction over the determination."
The UCCJEA also provides:
 "A court of this state which has made a child custody determination but does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 46b-115k." C.G.S. § 46b-115l (b).
Section 46b-115k states:
 (a) Except as otherwise provided in section 46b-115n, a court of this state has jurisdiction to make an initial child custody determination if:
 (1) This state is the home state of the child on the date of the commencement of the child custody proceeding;
 (2) This state was the home state of the child within six months of the commencement of the child custody proceeding, the child is absent from the state, and a parent or a person acting as a parent continues to reside in this state;
(3) A court of another state does not have jurisdiction under subdivisions (1) or (2) of this subsection, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical CT Page 1445 presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships;
 (4) A court of another state which is the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under a provision substantially similar to section 46b-115q or section 46b-115r, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships;
 (5) All courts having jurisdiction under subdivisions (1) to (4), inclusive, of this subsection have declined jurisdiction on the ground that a court of this state is the more appropriate forum to determine custody under a provision substantially similar to section 46b-115q or section 46b-115r; or
 (6) No court of any other state would have jurisdiction under subdivisions (1) to (5), inclusive, of this subsection.
C.G.S. § 46b-115k (a).
The court must decide if Connecticut was Jacob's "home state" on April 11, 2000. "`Home state' means the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." C.G.S. § 46b-115a (7).
In her motion to modify, plaintiff states: "The minor child Jacob M. Graham . . . ha[s] resided with plaintiff mother and attended school in St. Croix, US Virgin Islands since 09/06/0[0]." Motion for Modification, April 11, 2000. [328] This is a judicial admission by plaintiff that Jacob had lived in the Virgin Islands, not Connecticut, since at least September 6, 2000. April 11, 2001, the date plaintiff commenced this "child custody proceeding," is more than six months after September 6, 2000. Connecticut was not Jacob's home state on April 11, 2000.
Plaintiff argues her absence and Jacob's absence from Connecticut were temporary. "Permanent domicile continues to be CT. with a return to the state in June 2001." Motion for Modification, April 11, 2001. [328, CT Page 1446 328.50]
The court need not decide where their domicile was. Under the UCCJEA, concepts such domicile are not relevant; the test is where the child actually lives or lived at the relevant time. Jacob, at the relevant time lived in the Virgin Islands, not Connecticut.
Moreover, the principal focus in a "home state" determination is where the child lived during the relevant time period. It is undisputed that Jacob had not lived in Connecticut for nearly three years before April 11, 2001. Before living in the Virgin Islands, Jacob lived in Colorado. There is no claim that Jacob's time in Colorado constituted a "temporary absence" from Connecticut. Even if Jacob's move to the Virgin Islands were temporary, any such temporary absence would be from Colorado where he lived when the supposed temporary sojourn to the Virgin Islands began. Thus, Jacob's move to the Virgin Islands, temporary or otherwise, precludes a determination that Connecticut was his "home state."
Since Connecticut was not Jacob's "home state" on April 11, 2001, this court cannot exercise jurisdiction under either C.G.S. § 46b-115k (a)(1) or (2).
Section 46b-115k (a)(3) provides for Connecticut jurisdiction if "[a] court of another state does not have jurisdiction under subdivisions (1) or (2) of this subsection. . . ." Plaintiff judicially admits Jacob lived in the United States Virgin Islands since September 6, 2000. He continued to live there as of April 11, 2001. The United States Virgin Islands, a territory of the United States, is a state for UCCJEA purposes. C.G.S. § 46b-115a (15). The United States Virgin Islands has not adopted the UCCJEA. It has adopted the Uniform Child Custody Act [UCCJA]. 16 V.I. Code Ann. § 115 et seq. "Home state" under Virgin Islands law is substantially similar to that under the UCCJEA. "`Home state' means the state in which the child at the time of the commencement of custody proceedings has resided with his parents . . . for at least six consecutive months. . . ." 16 V.I. Code Ann. § 116. According to plaintiff's admission, Jacob's "home state" is the Virgins Islands.
As of April 11, 2001, defendant father had resided in Colorado for several years. Plaintiff resided in the Virgin Islands from at least September 6, 2000 to April 11, 2001. Neither parent resided in Connecticut as of April 11, 2001.
The Virgin Islands, as of April 11, 2001, was Jacob's "home state." Therefore, the Virgin Islands would have jurisdiction under a C.G.S.46b-115k (a)(1) equivalent. Therefore, § 46b-115k (a)(3) is not applicable. CT Page 1447
Plaintiff does not claim any court of the Virgin Islands has declined jurisdiction in any child custody proceeding involving Jacob. Therefore, C.G.S. § 46b-115a (4) is inapplicable.
Plaintiff does not claim any other child custody proceeding concerning Jacob was instituted in the court of any other state as defined in C.G.S. § 46b-115a (15). No court has therefore declined to exercise jurisdiction. Therefore, C.G.S. § 46b-115a (5) is inapplicable.
Finally, Connecticut may exercise jurisdiction if no other state had jurisdiction under sub subsections (1) through (5) of § 46b-115k (a). Since the court has found the Virgin Islands would have jurisdiction under "(1)" above since it was Jacob's "home state" as of April 11, 2001, Connecticut would not have jurisdiction under § 46b-115a (6).
This court does not have jurisdiction in this child custody proceeding under the UCCJEA to change primary physical residence as requested by plaintiff.
Plaintiff's motion for modification also seeks modification of the child support orders. The outstanding child support order of January 4, 1999 required plaintiff to pay defendant $118 per week. It also required her to pay certain travel expenses in connection with the children's visitation. The plaintiff's request for child support modification was tied to her request for a transfer of physical custody to her. Since, the court does not have jurisdiction of the child custody (primary physical residence) aspect and could not issue an order transferring physical residence to plaintiff, the premise for plaintiff's requested modification of child support does not exist.
This court does not have jurisdiction of this "child custody proceeding."
This proceeding is dismissed.
Parker, J.